UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT WASHINGTON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-1633** |
| **OMEGA PROTEIN INC.** | **SECTION "B"** |

### AMENDED ORDER AND REASONS

Defendant Omega Protein has filed a motion for transfer of venue pursuant to 28 U.S.C. § 1404. (Rec. Doc. No. 4). For the following reasons, **IT IS ORDERED** that Petitioner's motion for transfer of venue to the Western District of Louisiana is **GRANTED.**

The first question the Court must address when ruling on a motion to transfer venue under 28 U.S.C. § 1404(a) is whether the suit could have been filed originally in the destination venue. *In re Volkswagen of America, Inc.*, 545 F.3d 304 (5th Cir. 2008)(*en banc*), *cert. denied* 129 S.Ct. 1336 (2009). The parties do not dispute that this cause of action could have been filed in the Western District of Louisiana[1].

---

[1] 28 U.S.C. 1391(b) – a civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a

The second question the court must address is the relative convenience of the chosen venue versus the transfer venue. The Fifth Circuit has adopted the private and public interest factors first outlined in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947), a *forum non conveniens* case, to determine the appropriateness of a transfer of venue. *Id*.  The private interest factors include but are not limited to: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id*. at 315 (*citing Piper Aircraft Co. v. Reno*, 454 U.S. 235 (1981)).  In addition, the public interest factors include but are not limited to: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id*.

---

substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action  may otherwise be brought.

In *Volkswagen*, the Fifth Circuit held that a district judge abused his discretion when he failed to transfer a product liability claim to a clearly more convenient venue. The court emphasized the fact that, "ease of access to sources of proof weighed in favor of transfer," in that all of the witnesses and evidence in the case was located in the district where transfer was sought. *Id*. at 316. Next, the court held that availability of compulsory process to secure attendance of witnesses weighed in favor of transfer since all witnesses were outside of the courts ordinary subpoena power, pursuant to Fed. R. Civ. P. 45 (c)(3)(A)(ii) and subject to motions to quash under Fed. R. Civ. P. 45(c)(3). *Id*. at 316. Furthermore, the court created a presumption of inconvenience rule, when the evidence and witnesses are located more than 100 miles away from the courthouse. *Id*. at 318. Finally, the court reasoned that local interest weighed in favor of transfer since the accident location, emergency responders, and medical personnel involved were in the transfer district, thereby creating a stronger local interest in the dispute that trumps the nebulous interest that other districts might have in the defective product. *Id*. at 317-318.

In the present case, as in *Volkswagen*, all of the evidence and in state witnesses involved in the case are located in the

transfer district. In addition, all in state witnesses, which constitute a strong majority of the witnesses, are located more than 100 miles away from the Eastern District courthouse. According to the holding in *Volkswagen*, this fact creates a presumption of inconvenience to the witnesses and creates difficulty in securing compulsory processes. However, in the alternative, if the case were to be heard in the transfer venue these problems would not exists, thus, making it both more efficient and convenient. Furthermore, since the accident and all attending personnel involved are located in the transfer district, there is stronger local interest that trumps the tenuous interests of the Eastern District in personal injury matters. Finally, regarding the plaintiff's generalized contention of seamen unavailability, his forecast statement that the fisherman will be unavailable is unsupported by any evidence other than his own conclusory assertions and, therefore, too speculative to be persuasive. As a result of the Fifth Circuit's holding in *Volkswagen*, all the above factors support a showing that the Western District of Louisiana would clearly be a more convenient venue for this case.

The final consideration the court must make is to the relative weight that should be given to the plaintiff's choice of venue. While the private and public factors are used to

analyze the relative convenience of the opposing venues, nevertheless, the Supreme Court has long given deference to a plaintiff's choice of forum, especially in cases of *forum non conveniens*. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947). However, for transfer of venue motions where the penalty is less severe than *forum non conveniens*, the Fifth Circuit has held that the level of deference is slightly lower and a movant must only demonstrate good cause when seeking to transfer venue. *Volkswagen*, 545 F.3d at 315. The Fifth Circuit has determined that "when the movant demonstrates that the transferee venue is clearly more convenient … it has shown good cause and the district court should therefore grant the transfer." *Id*. at 315.

Under the good cause standard laid out in the *Volkswagen*, the movant has demonstrated that the Western District is clearly more convenient than the Eastern District. As stated above, public and private interest factors clearly weigh on the side of the Western District. In the present case, the plaintiff's choice is the only factor that weighs in favor of the Eastern District. However, the plaintiff's choice is given the least weight when the venue chosen is neither his home forum nor the location were the operative facts of the case took place. *See Roulston v. Yazoo River Towing, Inc.*, 2004 WL 1687232 (E.D. La.

2004), and *Davis v. Inland Dredging Co. LLC*, 2011 U.S. Dist. LEXIS 11526 (E.D. La. 2011). In this case the plaintiff's chosen venue is neither his home district nor the district were the operative events of the claim took place. Therefore, only slight weight is given to the plaintiff's choice, which is clearly outweighed by the convenience of the Western District established under the public and private interest factors.

New Orleans, Louisiana, this 21st day of October, 2011.

_____
UNITED STATES DISTRICT JUDGE